## Julia A. Gordon, Executrix, Appellee, v. Gertrude Brucker, Executrix, Appellant.

### Gen. No. 22,370.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 5, 1917.

### Statement of the Case.

A bill was originally brought by Margaretta Krohn, a stockholder in the W. C. Metzner Stove Repair Company, complainant, against Michael Brucker, James L. Morris, William C. Metzner, Julia A. Metzner and W. C. Metzner Stove Repair Company, defendants, praying for the appointment of a receiver of the corporation and that defendant Brucker, a creditor and officer of defendant corporation, be required to account for and pay over to the receiver any balance found to be due the company and its stockholders resulting from his management of the business of the corporation under a bill of sale alleged to be a chattel mortgage, and that the business of the corporation be wound up, and cross-bill by defendant Julia A. Metzner seeking the same relief. From a decree in favor of the executrix of the will of the original complainant, Julia A. Gordon, and the cross-complainant, Julia A. Metzner, appointing a receiver requiring Gertrude Brucker, as executrix of the will of the original defendant, Michael Brucker, to render an accounting, defendant Gertrude Brucker, executrix, appeals.

FRED H. ATWOOD, CHARLES O. LOUCKS and VERNON R. LOUCKS, for appellant.

MONTGOMERY, HART, SMITH & STEERE, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 411*—*when objection that corporation is not properly in court may not be raised.* An objection that a corporation is not properly in court as a party defendant cannot be raised on appeal for the first time.

2. EVIDENCE, § 333*—*when parol is admissible to show true consideration.* Parol evidence is admissible for the purpose of showing the true consideration which enters into the making of a written contract.

3. EVIDENCE, § 325*—*when parol is admissible to show bill of sale to be mortgage.* Parol evidence is admissible to show that a bill of sale of personal property of a corporation was intended as a chattel mortgage.

4. APPEAL AND ERROR, § 450*—*when objection that improper evidence was admitted may not be raised.* Error in the admission of parol evidence cannot be complained of on appeal where no objection to the admission of such evidence was made before the master in chancery hearing the case.

5. EVIDENCE, § 342*—*when parol is admissible to prevent perpetration of a fraud.* Although a bill of sale is absolute in its terms, evidence is admissible to show contemporaneous oral agreements between the parties indicating that it was intended as a chattel mortgage, in order to prevent the perpetration of a fraud.

6. CORPORATIONS, § 189*—*when corporation is necessary party complainant.* Ordinarily, when a corporation's right or interest is sought to be enforced by proceedings in a court of equity, the proceedings should be begun in the name of the corporation, and it usually is a necessary party complainant.

7. CORPORATIONS, § 188*—*when stockholder may maintain suit against directors or officers individually.* Equity will permit a stockholder, either individually or on behalf of himself, to maintain a suit against the wrongdoing directors or officers, where it appears and is averred that the corporation itself refuses to begin the suit, or where it is disclosed by the complainant's pleading a state of things exists which renders it reasonably certain that a suit by the corporation would be impossible and a demand unavailing.

8. CORPORATIONS, § 188*—*when shown that demand on corporation to bring suit against directors or officers would be unavailing.* Evidence *held* sufficient to show that a demand by complainant on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a corporation to bring suit against wrongdoing directors and officers of the corporation would be unavailing.

9. APPEAL AND ERROR, § 410*—*when question of failure of stockholder to make demand on corporation to bring suit is raised too late.* The question of failure of a stockholder to make demand on a corporation to bring suit against wrongdoing directors or officers before instituting a suit individually cannot be raised on appeal where such question was not raised in the trial court by plea, demurrer or otherwise.

10. EQUITY, § 66*—*when maxim that he who comes into equity must come with clean hands is inapplicable.* Any wrongdoing of an executrix individually cannot be imputed to her in her official capacity so as to render applicable the equitable maxim that he who comes into equity must come with clean hands.

11. CORPORATIONS, § 187*—*when stockholder not denied equitable relief because of small holding of stock.* The fact that the interest of a stockholder in a corporation is only 1 per cent. of the total stock is not ground for denying him equitable relief against one to whom a bill of-sale, claimed to be a chattel mortgage, was issued by the corporate officers and who refuses to make an accounting.

12. CHATTEL MORTGAGES—*when evidence sustains verdict for complainant in action by stockholder against mortgagee for an accounting.* On a bill by a stockholder against the corporation and one holding a bill of sale of corporate personalty, which is claimed to be a chattel mortgage, for the appointment of a receiver and to compel an accounting by such alleged mortgagee, evidence *held* sufficient to support a decree in favor of complainant.

13. CHATTEL MORTGAGES, § 7*—*what is evidence that bill of sale was intended as mortgage.* The fact that a bill of sale claimed to be a mortgage of corporate personalty is acknowledged by a justice of the peace is evidence that the instrument was intended to be a mortgage, since the acknowledgment by a justice of the peace is unnecessary to give the instrument validity as a bill of sale.

14. APPEAL AND ERROR, § 1399*—*when findings of master not disturbed.* The findings of a master in chancery based upon conflicting evidence will not be disturbed on appeal where the master had an opportunity to hear and see the witnesses and judge of their credibility.

15. CORPORATIONS, § 552*—*when appointment of receiver is proper.* The appointment of a receiver for a corporation is proper where a mortgagee of corporate personalty is required by decree of a court of equity to render an accounting for the benefit of stockholders and there is no person authorized to receive the money coming from such accounting·for the corporation.